# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO CRUZ PLASCENCIA,<br><br>            Plaintiff,<br><br>      v.<br><br>COUNTY OF KINGS, et al.,<br><br>            Defendants. | Case No.  1:14-cv-00441-LJO-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING DEFENDANTS COUNTY OF KINGS AND KINGS COUNTY SHERIFF DEPARTMENT'S MOTION TO DISMISS; AND GRANTING IN PART AND DENYING IN PART DEFENDANTS CITY OF HANFORD AND HANFORD POLICE DEPARTMENT'S MOTION TO DISMISS<br><br>(ECF Nos. 4-7, 13, 14, 15)<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

On March 26, 2014, Defendants removed this action from Kings County Superior Court. Currently before the Court are Defendants County of Kings and Kings County Sheriff Department ("County Defendants"), and Defendants City of Hanford and Hanford Police Department's ("City Defendants") motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim.

The Court heard held a hearing on the motions on May 7, 2014.  Counsel James Segall-Gutierrez appeared telephonically for Plaintiff, and counsel Michelle Sassano appeared for County Defendants and counsel Mario Zamora appeared for City Defendants.   Having considered the moving, opposition and reply papers, the declarations and exhibits attached thereto, arguments presented at the May 7, 2014 hearing, as well as the Court's file, the Court issues the following findings and recommendations.

I.

**PROCEDURAL HISTORY**

Plaintiff Pedro Cruz Plascencia filed the complaint in this action in the Kings County Superior Court on November 18, 2013, against County Defendants and City Defendants alleging failure to provide medical attention in violation of the Fourth and Fourteenth Amendments and negligence under state law. (ECF No. 1-1.) On March 26, 2014, Defendants removed this action to the Eastern District of California. (ECF No. 1.) On April 1, 2014, County Defendants filed a motion to dismiss for failure to state a claim. (ECF No. 4.) On April 2, 2014, City Defendants filed a motion to dismiss for failure to state a claim. (ECF Nos. 5-7.) On April 2 and 4, 2014, District Judge Lawrence J. O'Neill issued orders referring these matters to the undersigned for findings and recommendations. (ECF Nos. 8, 10.) On April 18, 2014, Plaintiff filed an opposition to the motions to dismiss. (ECF No. 13.) On April 30, 2014, Defendants filed replies to Plaintiff's opposition. (ECF Nos. 14, 15.)

II.

**COMPLAINT ALLEGATIONS**

On or about September 5, 2012, Plaintiff was involved in an altercation and was arrested by unidentified officers of the Hanford Police Department. (Compl. ¶ 11, attached as Exhibit B, ECF No. 1-1.) Plaintiff was injured during the altercation and informed the arresting officers that he was injured and needed medical care. (Id. at ¶ 13.) The arresting officers ignored Plaintiff's request for medical care and transported him to the Kings County Jail. (Id. at ¶ 13.) While in custody of the Kings County Sheriff's Department, Plaintiff complained of his injuries and demanded medical attention of deputies. "Defendant" ignored his request. (Id. at ¶ 13.) Plaintiff had a fractured wrist and swelling and was not treated for his injuries while in custody. (Id. at ¶ 14.)

Plaintiff states that he is a contractor and was unable to resume normal activities as a result of his untreated injuries. (Id. at ¶ 15.) Plaintiff contends that he was unable to receive treatment until after he was released from custody and the repair of his fracture would have been more successful had he been treated earlier. (Id. at ¶ 16.)

## III.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss on the grounds that a complaint "fail[s] to state a claim upon which relief can be granted." A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In assessing the sufficiency of a complaint, all well-pleaded factual allegations must be accepted as true. Iqbal, 556 U.S. at 678-79. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678.

To survive a motion to dismiss, a plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## VI.

## DISCUSSION

County Defendants move to dismiss the complaint for failure to state a claim on the grounds that 1) the first and second causes of action fail to allege sufficient facts to state a claim; 2) the second cause of action fails to state a claim because Plaintiff did not comply with the tort claim requirements; and 3) the second cause of action fails to state a claim because Defendants are entitled to immunity pursuant to California Government Code sections 844.6 and 845.6. (Mot. to Dismiss Pl.'s Compl. 2,[1] ECF No. 4.) City Defendants move to dismiss the complaint

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

3

on the ground that Plaintiff did not comply with California's Tort Claims Act. (Mem. of P. & A. in Support of Defs.' City of Hanford and Hanford Police Department's Mot. to Dismiss 3, ECF No. 6.)

Plaintiff counters that he did comply with the California Tort Claims Act, but agrees to dismiss the second cause of action for negligence. (Pl.'s Opp. to Defs.' Mot. to Dismiss 1, ECF No. 13.)

### A. First Cause of Action - Refusal to Provide Medical Attention

Plaintiff brings the first cause of action for failure to provide medical attention against County Defendants and City Defendants. (Compl. ¶¶ 17-24.) County Defendants move to dismiss the first cause of action for failure to allege sufficient facts to state a claim. (ECF No. 4-1 at 4-6.) Based on Plaintiff's failure to address the issues raised in their motion in his opposition, County Defendants request the Court to grant the motion. (County of Kings and Kings County Sheriff's Department's Reply 2, ECF No. 14.)

State pretrial detainees "are protected by the Fourteenth Amendment's Due Process Clause, as well as specific substantive guarantees of the federal Constitution, such as the First and Eighth Amendments. Under the Due Process Clause, detainees have a right against jail conditions or restrictions that 'amount to punishment.' This standard differs significantly from the standard relevant to convicted prisoners, who may be subject to punishment so long as it does not violate the Eighth Amendment's bar against cruel and unusual punishment." Pierce v. County of Orange, 526 F.3d 1190, 1205 (9th Cir. 2008) (internal citations omitted). However, the Eighth Amendment's deliberate indifference standard sets the minimum standard of care due pretrial detainees, Oregon Advocacy Center v. Mink, 322 F.3d 1101, 1120 (9th Cir. 2003), and this standard is applied to pretrial detainee claims. Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998); see also Clouthier v. County of Contra Costa, 591 F.3d 1244, 1243 (9th Cir. 2010) (pretrial detainees claim of denial of medical care is determined under the deliberate indifference standard articulated in Farmer v. Brennan, 511 U.S. 825, 837(1994)).

To state a claim for deliberate indifference to serious medical needs, a pretrial "detainee must show (1) a serious medical need and (2) a deliberately indifferent response, such as

defendants' 'den[ial], delay or intentional interference with medical treatment.' " Prasad v. County of Sutter, 958 F.Supp.2d 1101, 1112 (E.D. 2013) (quoting Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)).  Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond.  Simmons v. Navajo County, Arizona, 609 F.3d 1011, 1018 (9th Cir. 2010).  The official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer, 511 U.S. 825, 837 (1994).

Additionally, government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior.  Iqbal, 556 U.S. at 676.  Since a government official cannot be held liable under a theory of vicarious liability for section 1983 actions, Plaintiff must plead that the official has violated the Constitution through his own individual actions.  Id.; OSU Student Alliance v. Ray, 699 F.3d 1053, 1069 (9th Cir. 2012).  In other words, to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.  For the reasons discussed below, Plaintiff fails to state a cognizable claim under section 1983.

### 1. Municipal Defendants

As stated above, a local government unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability.  Monell v. Department of Social Services, 436 U.S. 658, 691 (1978).  Rather, a local government unit may only be held liable if it inflicts the injury complained of through a policy or custom.  Waggy v. Spokane County Washington, 594 F.3d 707, 713 (9th Cir. 2010).

Generally, to establish municipal liability, the plaintiff must show that a constitutional right was violated, the municipality had a policy, that policy was deliberately indifferent to plaintiff's constitutional rights, "and the policy was the moving force behind the constitutional violation."  Burke v. County of Alameda, 586 F.3d 725, 734 (9th Cir. 2009) (citation omitted); see also Gibson v. County of Washoe, Nev., 290 F.3d 1175, 1185-86 (9th Cir. 2002).

Plaintiff's conclusory allegation that Defendants knew "full well that the established practices, customs, procedures and policies of Defendants would allow the continued failure to

provide medical care" (ECF No. 1-1 at ¶ 22) is insufficient to state a plausible claim that a custom or policy existed that violated Plaintiff's constitutional rights. Iqbal, 556 U.S. at 678. Plaintiff has failed to identify any custom or policy of the County or the City. Further, he has not alleged sufficient factual detail to allow the Court to reasonably infer that either the County or City is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79. Plaintiff fails to state a cognizable claim against Defendants County of Kings, Kings County Sheriff's Department, City of Hanford, or Hanford Police Department.

2. Individual Defendants

While Plaintiff may be able to state a claim against unnamed officials that failed to provide medical care, the complaint does not contain any factual allegations to show that any individual officer or deputy was aware that Plaintiff was at a serious risk of harm and failed to adequately respond.

Plaintiff contends that he informed the officers who arrested him that he needed medical care, however, the complaint fails to allege any factual details to show that the arresting officers were aware that Plaintiff had a serious medical need requiring immediate treatment. Further, a delay in treatment would not rise to the level of deliberate indifference unless the delay causes substantial harm. Hallett v. Morgan, 296 F.3d 732, 746 (9th Cir. 2002); Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Shapley v. Nevada Board of State Prison Commissioners, 766 F.2d 404, 407 (9th Cir. 1984). Plaintiff alleges that he was transported and booked into the County Jail. There are no facts alleged to indicate that any needed medical care could not be provided once he was in the custody of the County Jail. Plaintiff fails to state a claim against the officers who arrested him.

Plaintiff also contends that after he was taken to the County Jail he continued to complain of his injuries and demanded medical attention, but the deputies ignored his request.[2] Plaintiff's

---

[2] Defendants request the Court take judicial notice of the claim form that Plaintiff submitted to the County to show that he did receive treatment while he was housed at the County Jail. Under the Federal Rules a court may take judicial notice of a fact that is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Judicial notice may be taken "of court filings and other matters of public record." Reyn's Pasta Bella, LLC v. Visa USA, Inc. 442 F.3d 741, 746 n.6 (9th Cir. 2006); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001). While a court may properly take notice of a doctrine

complaint is devoid of any factual allegations to identify to whom Plaintiff made statements, the statements made by Plaintiff, or observations by any deputy that would cause that deputy to know that Plaintiff had a serious medical need.

While a complaint merely needs to set forth a short plain statement of the claim, it still must provide sufficient factual allegations to rise above the sheer possibility that the defendant has acted unlawfully. Iqbal, 556 U.S. at 678. Without additional facts to describe what Plaintiff told the deputy, the bare allegation that Plaintiff complained of his injuries and demanded medical attention is not sufficient to show that anyone was aware that Plaintiff had a serious medical need and failed to adequately respond. Plaintiff has failed to allege sufficient factual allegations to state a plausible claim for relief against any deputy working at the County Jail.

Although City Defendants have not brought a motion to dismiss on the ground that the allegations were insufficient to state a cognizable claim, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Upon review of the complaint, Plaintiff fails to state a cognizable claim against the City Defendants, and the Court recommends that the first cause of action be dismissed for failure to state a claim.

### B.   Second Cause of Action - Negligence

Plaintiff's second cause of action alleges negligence under state law by all defendants. At the May 7, 2014 hearing Plaintiff confirmed that he is dismissing the second cause of action. For that reason, the Court declines to address the arguments regarding the deficiencies in the second cause of action and recommends granting Defendants' motions to dismiss the second cause of action.

### C.   Compliance with California State Tort Claims Act

City Defendants move to dismiss the complaint for failure to comply with the California

---

or rule of law from a prior case, "a court may not take judicial notice of proceedings or records in another case so as to supply, without the presentation of evidence, facts essential to support a contention in a cause then before it." M/V American Queen v. San Diego Marine Const. Corp., 708 F.2d 1483, 1491 (9th Cir. 1983). The Court finds this is not a proper subject for judicial notice. Such information may be considered on a motion for summary judgment, but at the pleading stage the Court accepts the allegations in the complaint as true.

1 Tort Claim Act. (ECF No. 6 at 3-6.) At the May 7, 2014 hearing, City Defendants agreed that
2 compliance with the California Tort Claim Act is not required to proceed on the first cause of
3 action.

4 Since there is no requirement that Plaintiff comply with the California Tort Claim Act to
5 bring a claim under section 1983, Martinez v. State of Cal., 444 U.S. 277, 284 (1980) (immunity
6 provisions of California Tort Claims Act do not control a section 1983 claim), and City
7 Defendants agree as to the first claim, then Defendants' motion to dismiss the first cause of
8 action on this basis should be denied.

9     **D.**     **Leave to Amend**

10 County Defendants request that since Plaintiff did not address the issues raised in County
11 Defendants' motion to dismiss in his opposition and failed to request leave to amend, that the
12 complaint be dismissed without leave to amend. (ECF No. 14 at 4; Defs. City of Hanford and
13 Hanford Police Department's Reply 2, ECF No. 15.) At the May 7, 2014 hearing Plaintiff
14 requested that he be granted leave to amend if the Court finds that the complaint fails to state a
15 claim.

16 At noted, Plaintiff's complaint fails to state a claim upon which relief may be granted
17 under section 1983. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend
18 'shall be freely given when justice so requires,'" Fed. R. Civ. P. 15(a), and "[l]eave to amend
19 should be granted if it appears at all possible that the plaintiff can correct the defect," Lopez v.
20 Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted). The party should be
21 provided with leave to amend even when they have not requested such leave from the court.
22 Bonanno v. Thomas, 309 F.2d 320, 322 (9th Cir. 1962); Sidebotham v. Robison, 216 F.2d 816,
23 826 (9th Cir. 1955). Plaintiff should be granted the opportunity to amend his complaint to
24 correct the deficiencies identified in this findings and recommendations.

25 **V.**

26 **CONCLUSION AND RECOMMENDATION**

27 Based on the foregoing, IT IS HEREBY RECOMMENDED that:

28     1.     County Defendants' motion to dismiss, filed April 2, 2014, should be

GRANTED;

2. City Defendants' motion to dismiss filed April 2, 2014, should be GRANTED IN PART AND DENIED IN PART as follows;

    a. Defendants' motion to dismiss the second cause of action should be GRANTED; and

    b. Defendants' motion to dismiss the section 1983 claim on the ground that Plaintiff failed to comply with the California Tort Claim Act should be DENIED;

3. Plaintiff's complaint should be dismissed; and

4. Plaintiff should be granted the opportunity to file an amended complaint.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **May 7, 2014**

UNITED STATES MAGISTRATE JUDGE