# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO CRUZ PLASCENCIA,<br><br>        Plaintiff,<br><br>    v.<br><br>COUNTY OF KINGS, et al.,<br><br>        Defendants. | Case No.  1:14-cv-00441-LJO-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING DEFENDANTS COUNTY OF KINGS AND KINGS COUNTY SHERIFF DEPARTMENT'S MOTION TO DISMISS<br><br>(ECF No. 23)<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

This action is before the Court on Defendants' motion to dismiss the first amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## I.

## PROCEDURAL HISTORY

Plaintiff Pedro Cruz Plascencia filed the complaint in this action in the Kings County Superior Court on November 18, 2013, against Defendants County of Kings ("County"), Kings County Sheriff's Department ("Sheriff's Department"), City of Hanford, and Hanford Police Department alleging excessive force and failure to provide medical attention in violation of the Fourth and Fourteenth Amendments and negligence under state law. (ECF No. 1-1.) On March 26, 2014, Defendants removed this action to the Eastern District of California. (ECF No. 1.) On May 28, 2014 Plaintiff's complaint was dismissed with leave to amend for failure to state a

claim. (ECF No. 21.) Plaintiff filed a first amended complaint on June 11, 2014. (ECF No. 22.) Defendants County and Sheriff's Department filed a motion to dismiss on June 25, 2014. (ECF No. 23.) Plaintiff did not file an opposition to the motion to dismiss.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff alleges that on September 5, 2012, his wrist was injured during an altercation and he was arrested by two unidentified Hanford Police Officers (Does 1 and 2). (Compl. ¶¶ 7, 8, ECF No. 22.) Plaintiff informed Does 1 and 2 that he was in great pain, his left wrist was swollen, and he needed medical attention. (Id. at ¶ 8.) Plaintiff was transported to the Kings County Jail. (Id. at ¶ 10.)

While in the custody of the Sheriff's Department, Plaintiff alleges that he told deputies that he was in great pain, his wrist was swollen, and demanded medical attention from deputies (Does 3 through 10). (Id. at ¶¶ 10, 11.) Plaintiff contends that Does 3 through 10 knew he needed medical attention because his wrist was swollen and he was unable to use it. (Id. at ¶ 12.) Plaintiff alleges that he was never treated for his injuries while in custody. (Id. at ¶ 13.)

Plaintiff is a contractor and was unable to resume normal activities as a result of the untreated injuries after he was released from custody. (Id. at ¶¶ 13, 14.) Plaintiff sought medical treatment and discovered that his wrist was fractured. (Id. at ¶ 13.) Plaintiff states that his doctor reported that the repair of his fracture would have been more successful had it been treated earlier. (Id. at ¶ 15.)

Plaintiff contends that Does 1 through 10 violated his rights under the Fourth and Fourteenth Amendments by failing to provide medical attention.[1] (Id. at ¶¶ 17, 18.) Plaintiff is seeking monetary damages. (Id. at p. 5.)

///

///

---

[1] In his first cause of action, Plaintiff states that he has a right to be free from excessive force. (ECF No. 22 at ¶ 18.) The first amended complaint states that Plaintiff was injured in an altercation. This is not sufficient to state a claim for excessive force against any defendants in this action. Plaintiff also references the First Amendment in his claim for failure to provide medical care. The claim for failure to provide medical care does not implicate the First Amendment.

2

## III.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss on the grounds that a complaint "fail[s] to state a claim upon which relief can be granted." A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In assessing the sufficiency of a complaint, all well-pleaded factual allegations must be accepted as true. Iqbal, 556 U.S. at 678-79. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678.

In deciding whether a complaint states a claim, the Ninth Circuit has found that two principles apply. First, to be entitled to the presumption of truth the allegations in the complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011). Second, so that it is not unfair to require the defendant to be subjected to the expenses associated with discovery and continued litigation, the factual allegations of the complaint, which are taken as true, must plausibly suggest an entitlement to relief. Starr, 652 F.3d at 1216.

## IV.

## DISCUSSION

Defendants County and Sheriff's Department move to dismiss Plaintiff's first amended complaint on the grounds that it fails to cure the deficiencies identified in the original complaint and therefore fails to state a claim.

### A. Municipal Liability

Defendants move to dismiss on the grounds that the complaint does not contain any allegations regarding the County or the Sheriff's Department.

1	A local government unit may not be held responsible for the acts of its employees under a
2 respondeat superior theory of liability. Monell v. Department of Social Services, 436 U.S. 658, 691
3 (1978). A municipality can be held liable under section 1983 under three theories: 1) where the
4 implementation of official policies or established customs cause the constitutional injury; 2) where
5 acts or omissions causing the constitutional injury amount to official policy of the municipality; or 3)
6 where an official has ratified the unconstitutional decision or action of an employee of the
7 municipality. Clouthier v. County of Contra Costa, 591 F.3d 1232, 1249-50 (9th Cir. 2010). "A
8 custom can be shown or a policy can be inferred from widespread practices or evidence of repeated
9 constitutional violations for which the errant municipal officers were not discharged or reprimanded."
10 Pierce v. County of Orange, 526 F.3d 1190, 1211 (9th Cir. 2008) (internal punctuation omitted).

11	Plaintiff's first amended complaint is devoid of any allegations that the County or the
12 Sheriff's Department had a policy or custom that was the cause of Plaintiff's injury. Waggy v.
13 Spokane County Washington, 594 F.3d 707, 713 (9th Cir. 2010). For that reason, Plaintiff has failed
14 to state a claim against the municipal entities. The Court recommends that Defendants County and
15 Sheriff's Departments' motion to dismiss be granted.

16	**B.	Does 3 through 10**

17	Defendants contend that the first amended complaint fails to allege any facts against the
18 individual deputies to support a claim for relief.

19	Section 1983 provides a cause of action for the violation of a plaintiff's constitutional or
20 other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d
21 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006);
22 Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). To state a claim, the plaintiff must
23 demonstrate that each defendant personally participated in the deprivation of his rights. Iqbal,
24 556 U.S. at 677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010);
25 Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.

26	Under Twombly and Iqbal "a complaint must contain sufficient factual matter, accepted
27 as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678. This
28 requires factual content for the court to draw the reasonable inference that the defendant is liable

for the alleged misconduct. Id.  A complaint stops short of the line between probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability. Id. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has not shown that the plaintiff is entitled to relief. Id. Further, while the court is to accept all "well pleaded factual allegations" in the complaint as true, id. at 679, it is not bound to accept as true labels, conclusions, formulaic recitations of the elements of a cause of action or legal conclusions couched as factual allegations, Twombly, 550 U.S. at 555. The conclusory allegations in the complaint are not entitled to the presumption of truth. Iqbal, 556 U.S. at 681.

While Plaintiff alleges that he was booked into the county jail, the complaint fails to allege any facts by which to determine the time frame applicable here.  Further, while Plaintiff contends that the deputies ignored his requests for medical treatment, it is apparent that he did receive some type of medical care while he was incarcerated.[2]  The Court takes judicial notice of the claim form submitted by Plaintiff for the limited purpose of showing Plaintiff's vague allegations that deputies ignored his requests for medical treatment are not sufficient for the Court to infer that any individual deputy was aware that Plaintiff had a serious medical need and failed to adequately respond.  Simmons, 609 F.3d at 1018.  While a complaint does not need to contain detailed factual allegations, it must contain sufficient factual matter for the court to infer that each defendant personally participated in the deprivation alleged.

It appears that Plaintiff is claiming that the medical care he received while in the custody

---

[2] Defendants request that the Court take judicial notice of the claim form which Plaintiff submitted to the County of Kings. (ECF No. 23-2.)  Plaintiff did not file an objection to the request.  As a general rule, the court may not consider any material outside the pleadings in ruling on a Rule 12(b)(6) motion.  United States v. Corinthian Colleges, 655 F.3d 984, 998 (9th Cir. 2011).  There are two exceptions to this rule, when the complaint necessarily relies on the documents or where the court takes judicial notice of documents.  Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

Under the Federal Rules a court may take judicial notice of a fact that is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  Judicial notice may be taken "of court filings and other matters of public record."  Reyn's Pasta Bella, LLC v. Visa USA, Inc. 442 F.3d 741, 746 n.6 (9th Cir. 2006); Lee, 250 F.3d at 689.  The Court shall take judicial notice of Plaintiff's claim form to the extent that it shows medical records and an x-ray report exist for Plaintiff while he was in the custody of the Kings County Jail.

1  of the jail was deliberately indifferent.  However, a difference of opinion between a prisoner and
2  prison medical authorities as to proper treatment does not give rise to a claim, <u>Franklin v.</u>
3  <u>Oregon</u>, 662 F.2d 1337, 1355 (9th Cir. 1981);  <u>Mayfield v. Craven</u>, 433 F.2d 873, 874 (9th Cir.
4  1970), nor does a difference of opinion between medical providers regarding treatment amount
5  to deliberate indifference, <u>Sanchez v. Vild</u>, 891 F.2d 240, 242 (9th Cir. 1989).  To state a claim
6  under these conditions requires the plaintiff "show that the course of treatment the doctors
7  choose was medically unacceptable under the circumstances, . . . and . . . they chose this course
8  in conscious disregard of an excessive risk to plaintiff's health."  <u>Jackson v. McIntosh</u>, 90 F.3d
9  330, 332 (9th Cir. 1996).

10 Finally, an allegation by a prisoner that a physician has been merely indifferent or
11 negligent or has committed medical malpractice in diagnosing or treating a medical condition
12 does not state a constitutional claim.  <u>Broughton v. Cutter Laboratories</u>, 622 F.2d 458, 460 (9th
13 Cir. 1980); <u>Toguchi</u>, 391 F.3d at 1057.  "Medical malpractice does not become a constitutional
14 violation merely because the victim is a prisoner."  <u>Estelle</u>, 429 U.S. at 106, 97 S. Ct. at 292.
15 Finally, a delay in treatment would not rise to the level of deliberate indifference unless the delay
16 causes substantial harm.  <u>Hallett v. Morgan</u>, 296 F.3d 732, 746 (9th Cir. 2002); <u>Wood v.</u>
17 <u>Housewright</u>, 900 F.2d 1332, 1335 (9th Cir. 1990); <u>Shapley v. Nevada Board of State Prison</u>
18 <u>Commissioners</u>, 766 F.2d 404, 407 (9th Cir. 1984).

19 Plaintiff's first amended complaint contains only vague allegations against Does 3
20 through 10 without any factual support.  Such allegations are insufficient to defeat a motion to
21 dismiss.  <u>Lacey v. Maricopa County</u>, 649 F.3d 1118, 1138 (9th Cir. 2011).  The Court
22 recommends that Defendants County of Kings and Kings County Sheriff's Department's motion
23 to dismiss be granted.

24 **C.  Leave to Amend**

25 Defendants request that the first amended complaint be dismissed without leave to
26 amend.  Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be
27 freely given when justice so requires.'"  Fed. R. Civ. P. 15(a).  "Leave to amend should be
28 granted if it appears at all possible that the plaintiff can correct the defect."  <u>Lopez v. Smith</u>, 203

1  F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted).

2  Plaintiff should be granted one final opportunity to file an amended complaint to correct the deficiencies identified in this order.  In to state a claim for deliberate indifference in his second amended complaint, Plaintiff must set forth sufficient factual allegations against each of the doe defendants for the Court to infer that the defendant was deliberately indifferent to his serious medical needs.

## V.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss be GRANTED; and
2. Defendants County of Kings and Kings County Sheriff's Department be DISMISSED for Plaintiff's failure to state a claim against them under section 1983.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: __**July 29, 2014**__

UNITED STATES MAGISTRATE JUDGE